**Samuel A. Wyman (SBN 163030)**
*sawyman@wolfewyman.com*
**Eric T. Lamhofer (SBN 115865)**
*etlamhofer@wolfewyman.com*
**WOLFE & WYMAN LLP**
**2301 Dupont Drive, Suite 300**
**Irvine, California 92612-7531**
**Telephone:  (949) 475-9200**
**Facsimile:   (949) 475-9203**

**James E. Doroshaw (SBN 112920)**
*jdoroshow@foxrothschild.com*
**Alan C. Chen (SBN 224420)**
*achen@foxrothschild.com*
**FOX ROTHSCHILD, LLP**
**1800 Century Park East, Suite 300**
**Los Angeles, California 90067**
**Telephone:  (310) 598-4150**
**Facsimile:   (949) 556-9828**

**Attorneys for Defendants/Counterclaimants**
**LYNN M. BEAURLINE, POSHE PRODUCTS, LLC**
**and POSHE USA, LLC**

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISON

| | |
|---|---|
| AMERICAN INTERNATIONAL INDUSTRIES, a California General Partnership,<br><br>  Plaintiff,<br><br>v.<br><br>LYNN M. BEAURLINE, POSHE PRODUCTS, LLC, a Nevada Limited Liability Corporation, POSHE USA LLC, a Pennsylvania Limited Liability Company and DOES 1 through 5,<br><br>  Defendants. | Case No. LACV11-5600 JAK<br><br>**PERMANENT INJUNCTION AND DISMISSAL JS-6**<br><br>[Stipulation for Entry of Permanent Injunction Filed Concurrently Herewith]<br><br>**Judge: John A Kronstadt** |

///

///

///

1
**PERMANENT INJUNCTION AND DISMISSAL – CV 11-5600 JAK**

959450.1

Having considered the Stipulation for Entry of Permanent Injunction submitted by Plaintiff American International Industries ("Plaintiff") and Defendants Lynn M. Beaurline, Poshe Products, LLC and Poshe USA LLC (collectively, "Defendants"):

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:**

1.  Defendants, their successors, assigns, owners, principals, partners, shareholders, officers, directors, agents, servants, employees, and any and all persons acting in concert or participation with Defendants are immediately and permanently enjoined from:

    (a)  Using or in any other manner commercially exploiting any POSHE IP. For purposes of this injunction, "Poshe IP" shall mean: (1) All inventions related to or arising from the Poshe Products, including without limitation, United States Letters Patent Nos. 5,512,273, 5,662,891, and 5,270,804 and all derivations, improvements, and continuations thereof or therefrom, as well as all formulations, ingredient lists, manufacturing and mixing instructions related to any of the Poshe Products; (2) all common law or registered trademarks, trade dress, trade names, corporate names, domain names or other internet addresses and sites incorporating any of the foregoing, used at any time on or with the Poshe Products, including without limitations "Poshe" in any form; (3) all copyrightable material whether registered or common law, including photos, pictures, graphics, designs, shapes or text used in any way with the Poshe Products or advertising and marketing materials created for Poshe Products; (4) all trade secrets and know how related to (1) through (3) above.

    (b)  Using or in any manner commercially exploiting the domain name www.discountposhe.com or any other domain name in which the word "Poshe" is used;

    (c)  Selling within the United States of America or any of its territories the inventory listed on the Inventory Sheet attached hereto as **Exhibit "1"**. However,

1   pursuant to a limited, exclusive non-transferable license for ninety (90) days from the
2   date of execution of the Settlement Agreement by all Parties thereto, the Poshe
3   Defendants may sell, outside of the United States and its territories, any such
4   inventory in its possession or under its control. As to any such inventory not sold
5   within such ninety (90) day period, the Poshe Defendants agree to abandon any and
6   all rights to such inventory, including the right to sell same.

7       (d) As to certain inventory produced for Amway under the Amway brand "The
8   Body Blends", which may contain a reference to the Poshe patents, the Posche
9   Defendants may, pursuant to a limited, exclusive non-transferable license for ninety
10  (90) days from the date of execution of this Agreement by all parties thereto, sell the
11  inventory to Amway. As to any such inventory not sold to Amway within such
12  ninety (90) days, the Poshe Defendants agree to abandon any and all rights to such
13  inventory, including the right to sell same. A list of said inventory is attached hereto
14  as **Exhibit "2"**.

15      2.    This court has personal jurisdiction over the parties with respect to this
16  Civil Action and this Stipulated Permanent Injunction.

17      3.    This court has jurisdiction over the subject matter of this Civil Action.

18      4.    Each party shall bear its own attorney's fees and costs in connection
19  with this action; provided, however, that in the event any party files a motion, action
20  or other proceeding to enforce or interpret the terms of this Stipulated Permanent
21  Injunction or the Settlement Agreement, the prevailing party shall be entitled to
22  recover all attorney's fees and other fees and costs incurred in connection with such
23  a motion, action or enforcement proceeding.

24      5.    The parties request that the court retain jurisdiction over this matter, to
25  the extent necessary, to interpret or enforce the Settlement Agreement and this
26  Stipulated Permanent Injunction.

27  ///
28  ///

1  6. Pursuant to Federal Rule of Civil Procedure 41(a)(1) and (2), all claims
2  and counterclaims are hereby dismissed with prejudice.
3  **IT IS SO ORDERED.**
4
5
6
7
8
9  DATED: February 6, 2012          By: _____
                                          Honorable John A. Kronstadt
10                                        US District Court,
                                          Central District of California
11
12
...
28

4

**PERMANENT INJUNCTION AND DISMISSAL – CV 11-5600 JAK**

959450.1